IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00528-PAB-BNB

DATAWORKS, LLC, a Colorado limited liability company,

Plaintiff,

v.

COMMLOG LLC, an Arizona limited liability company, and
STEVEN STREIFF,

Defendants

_____

## ORDER

_____

This matter arises on **Defendant's Second Motion to Compel Discovery** [Doc. # 81,

filed 9/10/2010] (the "Motion to Compel") which is DENIED.

**1.  Attorney-Client Privilege**

The defendant seeks an order requiring the plaintiff to "[w]ithdraw any claim of attorney

client privilege with regard to certain interrogatories, request for production and deposition

testimony and supplement said discovery and re-open the depositions involved."  Motion to

Compel [Doc. # 81] at p. 1.  The defendant argues that the attorney-client privilege has been

waived between Dataworks and its lawyer, David Weinstein, because "Mr. Weinstein is now a

testifying expert, in addition to being a percipient actor for the [copyright] registrations."  Id. at

p. 8.  As a result, the defendant claims that Weinstein's "file and all communications are fully

discoverable," citing Sedillos v. Board of Education, 313 F. Supp. 2d 1091 (D. Colo. 2004).

In order to determine whether the information sought by the defendant is privileged, I first must determine whether to look to state or federal law concerning the attorney-client privilege. Everitt v. Brezzel, 750 F. Supp. 1063, 1065 (D. Colo. 1990). "Where federal law provides the governing substantive law in a lawsuit, the federal common law of privileges will govern." Id. In this case, federal law governs the federal trademark infringement claim and federal copyright claims. In addition, the federal law of privilege governs even where the evidence sought also may be relevant to pendent state law claims. Atteberry v. Longmont United Hospital, 221 F.R.D. 644, 646-47 (D. Colo. 2004). Consequently, I look to the federal common law to determine whether the disputed materials are privileged.

One element of the federal common law attorney-client privilege is that the asserting party must prove that the privilege has not been waived. Greene, Tweed of Delaware, Inc. v. DuPont Dow Elastomers, L.L.C., 202 F.R.D. 418, 423 (E.D. Pa. 2001). "Therefore, the party asserting the privilege has the burden of proving its applicability *and non-waiver*." Id. (original emphasis).

David Weinstein's expert report, containing the opinions he will express at trial, is attached as Exhibit F to the Motion to Compel [Doc. # 81-6] (the "Weinstein Report"). The Weinstein Report identifies 15 opinions. Illustrative of those opinions are the following:

1)      The plaintiff's trademarks, federal trademark registrations, and copyright registrations at issue in this case "are valid and subsisting";

2)      The federal registrations were "properly granted," "are enforceable," and were not obtained "based on incorrect information";

3)      The plaintiff's trademarks "are not descriptive or generic"; and

4)     The plaintiff's copyrighted materials "consist[] of elements (including those that contain protectable portions notwithstanding any blank spaces) that were selected, coordinated, and arranged in a way that the resulting work as a whole constitutes an original work of authorship and is entitled to copyright protection.  As acknowledged by the United States Copyright Office ("Copyright Office"), those acts and such portions are sufficient to support a copyright claim applicable to [the copyrighted works].  This is so notwithstanding that it is based in part upon elements that are not themselves capable of copyright protection."
Weinstein Report [Doc. # 81-6] at pp. 4-5.

It is not disputed that Weinstein, in response to a subpoena served on him by the defendant, disclosed "all documents concerning my communications with the United States Copyright Office ('CO') and the United States Patent and Trademark Office ('USPTO') in connection with registering those marks and works on behalf of and for which I provided legal services to Dataworks that are listed in the Subpoena ."  Affidavit of David Weinstein [Doc. # 88-2] (the "Weinstein Aff.") at ¶2.  Weinstein also states in his Affidavit that he "did not consider my advice to Dataworks in reaching my expert opinions in this case."  Id. at ¶6. Finally, the plaintiff and Weinstein have provided thorough privilege logs listing the documents they withheld on a claim of attorney-client privilege.  Motion to Compel, Exs. D and E [Docs. # 81-4 and 81-5].

The defendant argues in sweeping terms that "[a]s Mr. Weinstein is now a testifying expert, in addition to being a percipient actor for the registrations, his file and all communications are fully discoverable,"  Motion to Compel [Doc. # 81] at p. 8, relying on Sedillos v. Board of Education, 313 F. Supp. 2d 1091.  The defendant reads the Sedillos case too

broadly.  In <u>Sedillos</u>, the defendant intended to rely on the advice of its counsel contained in a letter between the lawyer and the defendant school district as a defense in an employment case alleging retaliation.  The parties sought an order approving the school district's use of the letter and finding that "the waiver of the privilege would be limited to the information that the Board of Education has agreed to release subject to the waiver and would not extend beyond a waiver or otherwise be determined to be a more general waiver of the privilege."  <u>Id</u>. at 1092.  I refused to enter a prophylactic order, holding instead that the school district "cannot on the one hand claim as a defense that [it] relied on the advice of counsel, . . . waiving the attorney-client privilege to support that defense, while at the same time invoking the attorney-client privilege to prevent the plaintiffs from exploring fully the substance and circumstances of that advice."  <u>Id</u>. at 1093 (internal citations omitted).  However, I also noted that "[t]he scope of the waiver [of the attorney-client privilege] turns on the scope of the client's disclosure, and the inquiry is whether the client's disclosure involves the same subject matter as the desired testimony."  <u>Id</u>. at 1094 (internal quotations and citations omitted).

Weinstein has turned over all documents concerning his communications with the Copyright Office and the Patent and Trademark Office in connection with registering the marks and works at issue in this case.  Weinstein Aff. [Doc. # 88-2] at ¶2.  Thus, to the extent that Weinstein is a "percipient actor for the registrations," as the defendant argues, all documents relating to his actions on behalf of the plaintiff have been disclosed.

The defendant has failed to discuss the scope of the attorney-client waiver resulting from Weinstein's anticipated expert testimony and whether the information sought to be compelled involves the same subject matter.  Instead, the motion is sweeping and paints with the broadest

possible brush.  Although the plaintiff and Weinstein provided detailed privilege logs of the documents withheld on a claim of privilege, the defendant fails to address a single document or any category of documents withheld and fails to explain how any withheld document falls within the scope of Weinstein's anticipated testimony.

On the record now before me, the plaintiff has established that the documents involving Weinstein and withheld from production are subject to the attorney-client privilege, and has also established that there has been no waiver of the privilege.  Nor does the plaintiff's designation of Weinstein as a testifying expert on specific topics work as a wholesale waiver of all privileged communications.  The plaintiff and Weinstein have produced those documents within the scope of Weinstein's anticipated testimony, as required by Sedillos.

The defendant also argues that the plaintiff waived the attorney-client privilege by raising "advice of counsel" in its interrogatory responses.  Motion to Compel [Doc. # 81] at p. 10.  The particular response relied on by the defendant as constituting a waiver states in relevant part:

> Dataworks learned that others had been copying it products, and learned specifically about copying done by Planit Planners, Commlog and others.  Dataworks [sic] President, Greg Thiesen, wanted to stop the infringement and also concluded that Dataworks should register its works with the federal Copyright Office.  Mr. Thiesen discussed this matter with Mike Strawbridge, Dataworks' controller, and with Dataworks' attorneys. . . .  The specimens sent to the Copyright Office were Dataworks' books that were current at the time because Dataworks does not keep historical books as a matter of general practice and these books were selected on the advice of counsel, whose advice to Dataworks is protected by the attorney-client privilege.

Plaintiff's Response to Defendant's Second Set of Interrogatories [Doc. # 81-1] at pp. 2-3.

Although it is true that advice of counsel may be raised by a party in defense of certain claims, resulting in a waiver of the privilege, see, e.g., In re EchoStar Communications Corp., 448 F.3d 1294, 1298-99 (Fed. Cir. 2006)(noting that advice of counsel may be a defense to a charge of willful patent infringement), this is not such a case.  The plaintiff does not raise "advice of counsel" as a basis for its claims or as a defense, such that the advice is relevant and the privilege is waived.  Here, by contrast, the plaintiff merely states that it relied on its lawyer in selecting materials to be filed in the Copyright Office.  The materials that were filed have been produced.  No further waiver of the privilege exists, beyond the identity of the documents submitted to the Copyright Office.

Finally, the defendant relies on Rule 26(b)(3)(A)(ii), Fed. R. Civ. P., and argues that it has "a substantial need for a complete picture of what Mr. Weinstein knew and when he knew it," and that "[w]ithout this information, Commlog will be severely limited in its ability to learn the background facts and actions that resulted in the applications and correspondence with the Copyright Office."  Motion to Compel [Doc. # 81] at pp. 7-8.  The defendant's reliance on Rule 26(b)(3) is misplaced.  Rule 26(b)(3) concerns discovery under extraordinary circumstances of materials which are subject to the attorney work product doctrine, not the attorney-client privilege, and the Motion to Compel is expressly directed at discovering materials subject to the attorney-client privilege.  Motion to Compel [Doc. # 81] at pp. 1, 4, and 7-11.

**2.   Supplemental Discovery**

The defendant also seeks an order requiring the plaintiff to provide supplemental discovery responses because the plaintiff "found multiple back-up tapes of its electronic records."  Id. at p. 1.  The defendant's argument in support of this portion of the Motion to

Compel states in its entirety:

> The plaintiff, without any due diligence, has failed to timely
> respond to our discovery.  As the back-up tapes are available,
> Dataworks has a duty to supplement its prior incomplete responses
> to both sets of discovery.  They seek to transfer the burden to
> decipher their data and sift through the complete records of their
> company.  Such a response is neither reasonable nor justified under
> the Rules.  Producing a mass of documents is not a proper
> response.

Id. at p. 11.

This cryptic argument affords no basis to compel discovery.

In any event, the plaintiff has demonstrated that the electronically stored information on

the back-up tapes is not reasonably accessible due to undue burden and cost, Affidavit of Bruce

Guthals [Doc. # 88-5] (the "Guthals Aff.") at ¶5; has offered to allow the defendant access to the

back-up tapes and to provide the software and equipment necessary to search those tapes, which

the defendant apparently has refused, id. at ¶6; and has demonstrated that the burden and

expense of requiring the plaintiff to search the back-up tapes for responsive documents is

disproportionate to any resulting benefit.  Id.  Under these circumstances, an order compelling

discovery of the back-up tapes is not warranted.  See Fed. R. Civ. P. 26(b)(2).

**3.  Promised Documents**

Finally, the defendant seeks an order compelling the plaintiff to produce documents

which it claims were promised during depositions.  The defendant's argument in support of this

portion of the Motion to Compel states in its entirety:

> Documents referred to by the  Dataworks 30(b)(6) deponent, Mr.
> Thiesen, at pages 122-123, related to the Dataworks statements in
> its copyright applications that the manager's log was first
> published in 1996 and that the deposit accompanying the
> application differed from the original work by no more than 20%.

7

> Documents referred to and promised in Mr. Weinstein's deposition
> at page 77 as to his rebuttal report in a separate case, the other
> expert's report and any correspondence on the applications.

Motion to Compel [Doc. # 81] at p. 12.

The deposition testimony cited by the defendant is not provided with the Motion to Compel. The plaintiff provided page 123 of Mr. Thiesen's deposition, which does not contain any promise to provide documents. I have not been provided with a copy of page 77 of Mr. Weinstein's deposition. Consequently, the defendant has failed to establish that the plaintiff did not produce promised documents, and an order compelling is not warranted.

IT IS ORDERED that the Motion to Compel [Doc. # 81] is DENIED.

Dated January 10, 2011.

BY THE COURT:

 s/ Boyd N. Boland                        
United States Magistrate Judge