**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 09-cv-00528-WJM-BNB

B2A, LLC, a Colorado limited liability company,

    Plaintiff,

v.

COMMLOG, LLC, an Arizona limited liability company, and
STEVEN STREIFF,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' RULES 702 AND 403 MOTIONS *IN LIMINE***

---

Plaintiff B2A, LLC brings this copyright and trademark infringement action against Defendants Commlog, LLC and Steven Streiff, alleging that Defendants improperly copied and sold two of Plaintiff's copyrighted works and improperly used two of Plaintiff's trademarks.

This matter is before the Court on Defendants' Rules 702 and 403 Motions *in Limine* Directed to: (1) Expert Opinions on Law Reserved for the Court, (2) Opinions Not Meeting the 'Helpful to the Jury' Standard, (3) Failure to Offer Best Evidence, and (4) Evidence of Copyright Registrations. (ECF No. 152.) The motion is fully briefed and ripe for disposition. (*See also* ECF No. 153.) For the following reasons, Defendants' Rules 702 and 403 Motions *in Limine* are GRANTED IN PART and DENIED IN PART.

# I.  ANALYSIS

## A.  Plaintiff's Expert's Opinions

Defendants first argue that certain opinions of Plaintiff's expert witness, Mr. David A. Weinstein, contained in Weinstein's Expert Report dated June 18, 2010, are improper and should be excluded under Federal Rules of Evidence 702 and 403. Specifically, they argue that Weinstein's opinions regarding the meaning and interpretation of the law of copyrights and trademarks usurps the Court's role in instructing the jury on the law.  They also argue that Weinstein's conclusions regarding copyright and trademark infringement usurp the role of the Court and the jury.[1]

### 1.  Applicable Law

#### a.  Federal Rule of Evidence 702

Federal Rule of Evidence 702 provides,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"The touchstone of the admissibility of expert testimony is its helpfulness to the trier of fact." *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1150 (10th Cir. 2009) (quotation marks and brackets omitted).  An attorney-expert's testimony may not include legal conclusions regarding essential elements of a cause of action, because such testimony would "supplant both the court's duty to set forth the law and

---

[1] Defendants do not seek to exclude the opinions of Mr. Weinstein on any other basis, for example, by questioning Weinstein's qualifications to serve as an expert witness.

the jury's ability to apply [the] law to the evidence." *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (en banc).

        **b.**     **Federal Rule of Evidence 403**

Federal Rule of Evidence 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Expert testimony, like any other evidence, is subject to exclusion if it fails the Fed. R. Evid. 403 balancing test." *Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994).

    **2.**    **Application**

        **a.**     **Opinions Regarding Copyright Infringement**

Mr. Weinstein's Expert Report contains three different types of opinions regarding the two works – the Manager's Red Book and the Trainer's Log – that underlie Plaintiff's copyright infringement claim. First, Weinstein opines that the Plaintiff's copyright registrations for the two works are "valid and subsisting." (ECF No. 152, Ex. A, at 4.j, 4.l.) Second, Weinstein opines that Plaintiff's two works

> consist[] of elements (including those that contain protectable portions notwithstanding any blank spaces) that were selected, coordinated, and arranged in a way that the resulting work[s] as a whole constitute[] original work[s] of authorship and [are] entitled to copyright protection. As acknowledged by the United States Copyright Office ("Copyright Office"), those acts and such portions are sufficient to support a copyright claim applicable to [the works]. This is so notwithstanding that [they are] based in part on elements that are not themselves capable of copyright protection.

(*Id.* at 4.k, 5.m.)  And third, Weinstein opines that "[t]he text as well as selection, coordination, and arrangement of the content of [Defendants' works] is substantially similar enough to the copyrighted selection, coordination, and arrangement of the content of [Plaintiff's works] to be infringing."  (*Id.* at 5.n, 5.o.)

   To the extent these opinions reach ultimate conclusions regarding the essential elements of Plaintiff's copyright infringement claim, they are properly excluded under Federal Rules of Evidence 702 and 403.  The essential elements of a copyright claim are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  "[A] plaintiff may prove defendant's copying either by direct evidence or, as is most often the case, by showing that (1) the defendant had access to the plaintiff's copyrighted work, and (2) defendant's work is substantially similar to the plaintiff's copyrightable material."  *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1489 (10th Cir. 1993) (quotation marks omitted).

   Mr. Weinstein's conclusion that Plaintiff's copyrights are "valid" and that each of the works "constitutes an original work of authorship and is entitled to copyright protection" are ultimate conclusions regarding an essential element of Plaintiff's copyright infringement claim, and will be properly excluded at trial.  *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964, 2011 WL 1638910, at *3 (D. Colo. Apr. 29, 2011) ("[Expert] opinions that amount to a legal conclusion on the first element of copyright infringement (the existence of a valid copyright) are not appropriate, but opinions that embrace the issue of fact without stating the ultimate conclusion are

appropriate."); *see also Specht*, 853 F.2d at 808.[2]  Also, Mr. Weinstein's opinions that Plaintiff's works and Defendants' works are "substantially similar enough . . . to be infringing" improperly state legal conclusions that fall within the province of the jury. *See Home Design Servs., Inc.*, 2011 WL 1638910, at *5; *see also Specht*, 853 F.2d at 808.[3]

Mr. Weinstein will be precluded from testifying at trial as to any ultimate conclusions regarding the essential elements of Plaintiff's copyright infringement claim, such as that the copyrights are "valid," that Plaintiff's works are "original," that Plaintiff's works are "entitled to copyright protection," that Plaintiff's works and Defendants' works are "substantially similar," and that Defendants' works are "infringing."[4]  Such ultimate legal conclusions must be redacted from Mr. Weinstein's Expert Report before the Court

---

[2] That is not to say that Mr. Weinstein will not be allowed to testify that Plaintiff holds federal copyright registrations in the two works at issue, a fact that does not speak to the registrations' validity, as opposed to their mere existence.

[3] As Plaintiff concedes in its Response to the Motion, there is a notable difference between testimony regarding *probative* similarity of two works, and testimony that opines as to the ultimate legal conclusion of "substantial similarity." (ECF No. 153, at 2.)  *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964, 2011 WL 1638910, at *5 (D. Colo. Apr. 29, 2011).

Furthermore, the Court will reserve ruling on whether any expert will be allowed to testify as to even the probative similarity of Plaintiff's works and Defendants' works.  The Court questions whether such testimony would be based on scientific, technical, or other specialized knowledge that would assist the trier of fact to understand the evidence or to determine a fact in issue, given the nature of the works at issue.  *See Blehm v. Jacobs*, No. 09-cv-02865, 2011 WL 4369051, at *4 (D. Colo. Sept. 19, 2011) ("[E]xpert testimony on the issue of substantial similarity is not necessary because the standard is the 'ordinary observer' test, and application of that standard does not require the assistance of expert testimony."); *Kindergartners Count, Inc. v. Demoulin*, 249 F. Supp. 2d 1214, 1231-32 (D. Kan. 2003) (stating that expert testimony regarding substantial similarity was unnecessary for two literary works that were expressed in simple English, as opposed to technical works such as computer programs).

[4] The Court notes that, during Mr. Weinstein's testimony at trial, Defendants' counsel will need to object if Plaintiff's counsel seeks to elicit any such testimony from Mr. Weinstein, or if Mr. Weinstein offers any such opinions during his testimony.  The Court will not *sua sponte* exclude such testimony.

will consider whether the report can properly be admitted into evidence.

To the extent Defendant also intends to introduce expert testimony at trial, the same rules and guidelines will apply to the admission of that expert's testimony. Although Plaintiff has not filed a motion *in limine* seeking to exclude the opinions of Defendants' expert(s), the Court *sua sponte* rules that, in the interests of justice, any expert for either party will be precluded from offering such ultimate legal conclusions regarding copyright validity and infringement, or lack thereof.

### b. Opinions Regarding Trademark Infringement

Defendants' Motion does not explain in detail the bases upon which it seeks to exclude Mr. Weinstein's testimony as to alleged trademark infringement. However, the same principles apply: no expert witness will be permitted to opine as to ultimate conclusions regarding the essential elements of Plaintiff's trademark infringement claim. The elements of a trademark infringement claim are that (1) the plaintiff has a mark that is protectable, and (2) the defendant's use of an identical or similar mark is likely to cause confusion among consumers. *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1215 (10th Cir. 2004).

In reviewing Mr. Weinstein's opinions regarding trademark validity and infringement on pages 4 and 5 of his Expert Report, the Court finds that the following opinions are not proper subjects of expert testimony and should be excluded. First, Mr. Weinstein will not be allowed to opine that Plaintiff's marks and federal registrations for them are "valid" or that they were "properly granted." (ECF No. 152, Ex. A, at 4.b, 4.c.)[5]

---

[5] Again, whether the marks are "valid" and were "properly granted" is a different issue than whether Plaintiff holds federal registrations for the marks.

And second, Mr. Weinstein will not be permitted to opine that Defendants' alleged use of the marks is "likely to cause confusion and violate plaintiff's rights in [the marks]." (*Id.* at 4.h, 4.i.)  Again, these prohibitions regarding opining as to ultimate conclusions regarding the essential elements of Plaintiff's trademark infringement claim will apply to any expert witness that testifies at trial.  Such ultimate legal conclusions must also be redacted from Mr. Weinstein's Expert Report before the Court will consider whether the report can properly be admitted into evidence.

**B.     Evidence of Copyright Registrations**

Defendants also argue that, given that Plaintiff alleges copyright infringement of the 1996 Manager's Red Book and 2007 Trainer's Log, but has only preserved copies of the third quarter 2008 versions of those works, the 2008 versions should be excluded as not being the best evidence of the infringed works.  Defendants appear to have misrepresented the nature of Plaintiff's claims.  Plaintiff's claims do not appear to specify that Defendants improperly copied the 1996 and 2007 versions of the Manager's Red Book and Trainer's Log, respectively.  (*See* ECF No. 92, ¶¶ 27, 31.)  Instead, Plaintiff's claims only state that Plaintiff has published, marketed, and sold those works since 1996 and 2007, respectively.  (*See id.*)  The Second Amended Complaint also states that Plaintiff learned in 2008 that Defendants were selling infringing works.  (*See id.* ¶ 43.)  Plaintiff's pleading of this claim leaves it an open question what versions of the works were allegedly improperly copied and sold by Defendants.  Defendants' Motion, premised on the unwarranted conclusion that Plaintiff's claim is based on improper copying and selling of the 1996 Manager's Red Book and 2007 Trainer's Log, is properly denied.

7

**C.      Exclusion of Copyright Registrations**

Finally, Defendants argue that all evidence of Plaintiff's copyright registrations should be excluded because the prima facie value of the copyright registrations has been rebutted by Defendants' Motion for Partial Summary Judgment.  *See Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (stating that "[a] plaintiff's presentation of a certificate of registration from the U.S. Copyright Office usually constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate," which can be rebutted by "offer[ing] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement") (quotation marks omitted).

The issue of whether Plaintiff holds valid copyrights in the works is one of the essential elements of Plaintiff's copyright infringement claim.  *See Feist Publ'ns*, 499 U.S. at 361.  This Court has already held that genuine issues of material fact exist as to what versions of the Manager's Red Book and Trainer's Log are copyrighted with the U.S. Copyright Office.  (*See* ECF No. 147, at 13-14.)  This is an issue for the trier of fact to resolve.  It will do so by evaluating Plaintiff's purported copyright registrations, and Defendants' evidence purportedly calling into question the validity of those registrations.  The question of whether Defendants' evidence *effectively* rebuts Plaintiff's prima facie evidence is for the jury to decide.

## II. CONCLUSION

In accordance with the foregoing, it is therefore ORDERED that:

(1)     Defendants' Rules 702 and 403 Motions *in Limine* Directed to:  (1) Expert Opinions on Law Reserved for the Court, (2) Opinions Not Meeting the 'Helpful to

       the Jury' Standard, (3) Failure to Offer Best Evidence, and (4) Evidence of Copyright Registrations (ECF No. 152.) are GRANTED IN PART and DENIED IN PART;

(2)    Defendants' Motion is granted in as much as Plaintiff's expert witness Mr. David A. Weinstein (and any other expert witness of either party, for that matter) will be precluded from offering opinions at trial that constitute ultimate legal conclusions regarding the essential elements of Plaintiff's claims; and

(3)    Defendants' Motion is denied in all other respects.

Dated this 16th day of November, 2011.

BY THE COURT:

*[signature]*

William J. Martínez  
United States District Judge